UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. MANLEY, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>KEITH BUTTS, Warden, )<br>)<br>Respondent. ) | No. 1:15-cv-782-TWP-DML |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

**Background**

James Manley was convicted in an Indiana state court after trial by jury of two counts of A-felony child molesting and two counts of B-felony child molesting. *See Manley v. State,* 708 N.E.2d 928 (Ind.Ct.App. Feb 18, 1999). He is currently confined at the New Castle Correctional Facility, but brings this action for habeas corpus relief claiming that the mentioned facility is not a part of Indiana government and thus is holding him illegally. He claims that the Indiana Department of Correction abdicated its right to maintain him in its custody on August 19, 2014. Manley asserts that he is unlawfully incarcerated and is entitled to his immediate release.

In the Entry issued on May 26, 2015, the court explained the exhaustion requirement of the federal habeas statute and directed Manley to report whether he has sought habeas corpus relief in the Indiana state courts or post-conviction relief in the trial court based on his allegation that his confinement in the New Castle Correctional Facility is unlawful, and if he had not he was to

"include in his report a showing of why the present action should not be dismissed without prejudice so that he may seek such in the Indiana state courts."

Manley has responded with his filing of June 18, 2015. That response, together with the habeas petition itself, has been examined and considered in conjunction with Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.*

## Discussion

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

The inquiry in this case centers on exhaustion. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct 'alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)(internal quotations and citations omitted).

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner,* 404 U.S. 270, 275 (1971). The exhaustion requirement is satisfied once a petitioner fairly presents his claims to each level of the state-court system for those courts' review. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).

The exhaustion requirement may be excused if "there is either an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).

Under Indiana law, "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief." *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

The Entry issued on May 26, 2015 mentions another available path in the Indiana state courts, that being an action for habeas corpus relief in an Indiana state court. The purpose of such an action "is to determine the lawfulness of the defendant's detention. A trial court must provide a writ of habeas corpus if a petitioner is unlawfully incarcerated and entitled to immediate release." *Hale v. State*, 992 N.E.2d 848, 852 (Ind.Ct.App. 2013)(citing *Hardley v. State,* 893 N.E.2d 740, 742 (Ind.Ct.App. 2008)).

Manley has acknowledged that he has not filed either of the actions just described. But he has an explanation. Manley claims that the Indiana state courts have shown themselves to be singularly inhospitable to challenges of convictions brought by sex offenders. He infers from this that the Indiana judiciary is institutionally biased against challenges to sex offenses and he offers this assessment as the reason why exhaustion of state remedies should not be required. There are two fallacies to this argument:

- The first is that Manley's habeas claim of illegal confinement does not hinge on any aspect of his conviction, including the offenses of which he has been convicted.
- The second is that when a petitioner claims that he cannot obtain relief from the state courts, the pertinent question is not whether the state court would be inclined to rule in the

petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *White v. Peters,* 990 F.2d 338, 342 (7th Cir. 1993); see also *Wheeler v. Pollard*, No. 13-CV-1163-PP, 2015 WL 3872086, at *4 (E.D.Wis. June 23, 2015)("'a federal habeas court is not the proper body to adjudicate whether a state court correctly interpreted its own procedural rules,' especially if the state court never has had the opportunity to do so")(quoting *Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015)).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992).

## Conclusion

"[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). This is the hurdle Manley has encountered in attempting to proceed with his habeas petition while state court remedies are still available to him. This is the hurdle which dictates that the habeas petition be dismissed without prejudice pursuant to Rule 4 because the petition shows on its face that at this time, Manley is not entitled to the relief he seeks. The petition for writ of habeas corpus is therefore **denied**.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Manley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date:  7/7/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES E. MANLEY
900778
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
PO BOX A
NEW CASTLE, IN 47362